

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISON

JEFFERY NEWTON                                                PLAINTIFF

v.                                    CAUSE NO.: 5:21-cv-13-DCB-LGI

SULLIVAN'S GROCERY                              DEFENDANT

**COMPLAINT**

**JURY TRIAL DEMANDED**

COMES NOW, Plaintiff, Jeffery Newton, and files his Complaint against Defendant, Sullivan's Grocery and states as follows:

**I.     NATURE OF ACTION**

1. Plaintiff, Jeffery Newton, brings this employment discrimination action on the basis of race discrimination and under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e) et. seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). The Plaintiff brings his claim of retaliation under Title VII of the Civil Rights Act of 1964

2. Defendant, Sullivan's Grocery, discriminated against him by firing him and replacing him with a white employee and they retaliated against Jeffery Newton by firing him after he fired a white employee.

**II.     PARTIES**

3. Plaintiff, Jeffery Newton (hereinafter referred to as "Plaintiff"), is an African-American man residing in Brookhaven, Mississippi.

4. Defendant, Sullivan's Grocery, Brookhaven (Brookhaven, MS) (hereinafter referred to as "Defendant"), is a corporation located at 215 U.S. Hwy 51 N, Brookhaven, MS 39601, and organized and existing under and by virtue of the laws of the State of Mississippi. The Defendant is subject to suit pursuant to Miss. Code Ann. § 11-46-5 and 11-46-7, and may be served with process through its Agent Stephen D. Sullivan, 1361 Shiver's Road, Pinola, MS 39140.

### III. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this Complaint pursuant to 42 U.S.C. § 2000d-7 and 28 U.S.C. § 1331 because this action arises under the laws of the United States.

6. Venue is proper in the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b) because all of Defendants' actions and omissions that are giving rise to the claims in this Complaint occurred in the State of Mississippi.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. The Plaintiff's Discrimination Charge was first submitted to the Equal Employment Opportunity Commission (EEOC) on or about October 17, 2019. See, Exhibit "A"

8. On October 23, 2020, the EEOC issued the Notice of Right to Sue. See, Exhibit "B"

9. This Complaint is filed within ninety (90) days of the Plaintiff's receipt.

10. The Plaintiff has satisfied all applicable administrative and procedural prerequisites.

### V. FACTUAL ALLEGATIONS

11. Jeffery Newton was previously employed as a manager of the Piggly Wiggly in Brookhaven, Mississippi for more than 20 years. He was employed as a manger of this Piggly

2

Wiggly for over 15 years. When Piggly Wiggly closed its doors in Brookhaven, Jeffery Newton was retained as an employee by Piggly Wiggly and he actually helped broker the deal between Sullivan' Foods Inc. and Piggly Wiggly on obtaining and purchasing this location for the new Sullivan's Foods Grocery Store in Brookhaven, Mississippi.

12. During this time, Jeffery Newton worked closely with Parker Sullivan to help this deal come to fruition. As a result of his efforts and experience, Jeffery Newton was hired as the store manager for the new store and when the doors opened on August 2, 2019, Jeffery Newton was hired as the store manager.

13. During the initial phases of obtaining the store, it was revealed to Jeffery Newton by Sullivan's management that they planned to use this store for their "upscale" white customers and they would later open a store closer to downtown Brookhaven and this store would be for the "lower" class black people. The store downtown was never opened and this was the first sign to Jeffery Newton that they were just using his business connections with the previous Piggly Wiggly ownership in order to broker the purchase of the store and they never intended to keep him as the store manager. Therefore, as soon as the store was up and running, he was soon fired because they had used him for their intended purpose.

14. When the store opened, Jeffery Newton never encountered any problems until he started working with his immediate supervisors Jason Covington and Glenn Fry. They were two white managers that hailed from the main office and when they arrived to help operate and supervise the store, they systematically fired or removed every African-American manager and supervisor that was working in the Brookhaven store.

15. Furthermore, Jason Covington and Glenn Fry replaced each and every African-American manager with a white employee.

16. The town of Brookhaven is a city that has a 64% African-American population but under the direction of Jason Covington and Glenn Fry, Sullivan's Foods at this time period and currently they do not have one African-American supervisor or manager working in the store.

17. Sullivan's Foods Inc. is liable for the actions of its managers and supervisors. In addition, Jeffery Newton put Sullivan's Foods Inc. on notice about the unlawful conduct of their actions when he complained to his supervisors that the new policies and procedures being implemented at the store were unfairly being applied to him.

18. Jeffery Newton explained to his supervisors on September 7, 2019, and September 17, 2019, that the work being required of him was unfairly being cast upon him since the company had fired or by their unlawful actions forced the other African-American assistant manager to quit. This former manager that was working under him actually understood how to operate the store and the absence of this employee affected the performance of the store.

19. The problems started when the person, Joyce Evans, that was sent to train all the office personnel (managers etc..), at the store was unable to adequately train the employees because she lacked the proper knowledge or experience to train the employees at the store.

20. Jeffery Newton had to fire a white employee on September 15, 2019 for misconduct from the Brookhaven store shortly after it opened. Therefore, Jeffery Newton also faced retaliation from his supervisors because he had to fire this employee. All of the above issues worked together to create a hostile work environment for Jeffery Newton, and despite his complaints about the disparate treatment and hostile work environment, Sullivan's Foods Inc. failed to conduct a proper investigation or take any action other than to retaliate against Jeffery Newton by terminating him as the manager of the newly opened Brookhaven store on October 4, 2019.

21.     Sullivan's Foods Inc. retaliated against Jeffery Newton following his complaints about his working conditions and the firing of the white employee. For example, it was only about two weeks after he fired the white employee and made complaints of discrimination, that Sullivan's Foods Inc. retaliated against Jeffery Newton by firing him on October 4, 2019. Only two weeks passed between Jeffery Newton's complaints of discrimination and the termination of the white employee before he was retaliated against by Sullivan's Foods Inc. by terminating his employment with the company.

## VI.    STATEMENT OF CLAIMS

### COUNT I:    RACE DISCIMINATION

22.     Plaintiff re-alleges and incorporates each and every allegation of this Complaint.

23.     The Defendant discriminated against Jeffery Newton on account of race by denying him proper training, treating him unfairly, and by creating a hostile workplace by harassing him concerning his job performance as a manager when they refused to give him the proper training and staff for him to perform his job. These are items that they provided to their white managers but they did not provide it to him because he was black. Also, they discriminated against him by firing him due to the retaliation for him firing a white employee.

24.     Jeffery Newton was qualified to do this job because he had performed the job as a grocery store manager for more than 29 years (Management experience from Piggly Wiggly and Delchamps).

25.     Jeffery Newton reported to his supervisors that he was being treated unfairly and not receiving the proper training and they failed to investigate his claims.

5

26. As a result of the discriminatory actions of the Defendant, Jeffery Newton was fired from his job as store manager and he was replaced with a white employee that had little to no experience as a store manager.

27. The Defendant never trained Jeffery Newton the proper way to perform his job duties according to their expectations. When the store was initially opened, the store was running without any problems. Jeffery Newton did not have any complaints about his job performance until the two white supervisors, Jason Covington and Glenn Fry, over him came to his store and began micromanaging his work performance.

28. The training and staff that he was denied at the Brookhaven store was denied to him because he was black. The white managers in their stores were given the proper training and staff in order for them to be successful and to perform their job adequately.

29. Accordingly, they eventually fired him for his alleged failure to perform his job duties and this firing violated both Title VII and Section 1981.

30. As a result of the denied proper training, he was not provided an equal opportunity to perform his job and this denial caused him harm.

31. Defendant's actions of failing to properly train him, creating a hostile work environment, and ultimately firing Jeffery Newton for lack of job performance were deliberate, willful, malicious, reckless, and imposed in callous disregard of Newton's Title VII and §1981 rights.

### COUNT II: VIOLATION OF SECTION 1981

32. Jeffery Newton re-alleges and incorporates each and every allegation of this Complaint.

33. The intentional acts of the Defendant in failing to properly train Jeffery Newton deprived him of advancement which is enjoyed by White people. The Defendant acted with malicious, willful or reckless disregard for the Plaintiff's rights as protected by 42 U.S.C. §1981.

### COUNT III: RETALIATION

34. Plaintiff re-alleges and incorporates each and every allegation of this Complaint.

35. The Defendant retaliated against Jeffery Newton because he fired a white female employee.

36. The Defendant retaliated against Jeffery Newton by firing him shortly after he fired the white female employee.

37. Accordingly, the retaliatory firing of Jeffery Newton violated Title VII and as a result of this denial, Jeffery Newton was harmed.

### III. PRAYER FOR RELIEF

**WHEREFORE, the Plaintiff, Jeffery Newton, prays that the Court grant him the following relief:**

(a) Compensatory damages, for front and back pay and the loss of his bonus pay, in an amount to be determined by the jury in accordance with the proof at trial, for the emotional and consequential harms—including tax liabilities inflicted upon Jeffery Newton on account of the necessity of bringing this action-- caused by Defendant;

(b) Prejudgment and post judgment interest;

(c) A positive letter of recommendation.

(d) The Removal of any [disciplinary actions/poor performance evaluations/performance improvement plans] from Jeffery Newton's personnel file.

(e) A mutual non-disparagement clause directing any representative of Sullivan's Foods Inc. to not disparage Jeffery Newton.

(f) Reasonable attorneys' fees, expenses and costs; and

7

(g)   Such other relief as the court shall deem just and proper.

<b><u>JURY TRIAL DEMAND</u></b>

The Plaintiff demands that this case be tried by a jury.

Respectfully submitted this the 22nd day of January, 2021.

*/s/ Keith L. Gates*

KEITH L. GATES, ESQ.

MSB# 100221

655 Wendover Way

Ridgeland, MS 39157

Phone: (601) 572-0576

Email: keith.gates@gmail.com

COUNSEL FOR PLAINTIFF,

Jeffery Newton