IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JEFFERY NEWTON                                          PLAINTIFF

VS.                        CIVIL ACTION NO. 5:21-cv-13-DCB-LGI

SULLIVAN'S GROCERY                                      DEFENDANT


MEMORANDUM OPINION AND ORDER


THIS MATTER is before the Court on Sullivan's Grocery ("Defendant")'s Motion for Summary Judgment [ECF No. 30].  After reviewing the motion, the parties' submissions, and applicable law, the Court finds as follows:

I.
BACKGROUND

Plaintiff Jeffery Newton ("Plaintiff") filed this employment discrimination action on the basis of race discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and on the basis of race discrimination under 42 U.S.C. § 1981.  [ECF No. 1] ¶¶ 1, 3. Defendant hired Plaintiff as the store manager of a newly-opened location in Brookhaven, Mississippi, and terminated him after approximately two months of employment.  Plaintiff, who is African American, alleges that Defendant created a hostile work

environment, subjected Plaintiff to disparate treatment,
retaliated against him because he had fired a white employee,
and replaced him with a white employee.  [ECF No. 1] ¶¶ 17-21;
[ECF No. 36] at 2-4.  Defendant counters that it terminated
Plaintiff because he failed to improve his poor work
performance, despite having been coached and counseled.  [ECF
No. 31] at 1-8.  On October 17, 2019, Plaintiff filed a
discrimination charge with the Equal Employment Opportunity
Commission ("EEOC"). [ECF No.1-3]; [ECF No. 30-7].  The EEOC
issued a Dismissal and Notice of Rights on October 23, 2020.
[ECF No. 1-2].  Plaintiff filed suit in this court on January
22, 2021.  Plaintiff states in his complaint that he filed his
lawsuit within ninety (90) days of his receipt of the EEOC
Dismissal and Notice of Rights.  [ECF No. 1] ¶ 9.

II.
Summary Judgment Standard

        Summary judgment is appropriate, pursuant to Rule 56 of the
Federal Rules of Civil Procedure, "if the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." FED. R. CIV.
P. 56(a).  An issue of material fact is genuine if a reasonable
jury could return a verdict for the non-movant.  Anderson v.
Liberty Lobby, 477 U.S. 242, 248 (1986). "Factual disputes that

are irrelevant or unnecessary will not be counted." Id.  A party cannot defeat a properly-supported summary judgment motion by directing the Court to conclusory allegations or presenting only a scintilla of evidence. Lincoln v. Scott, 887 F.3d 190, 195 (5th Cir. 2018).

The evidence must be reviewed in a light most favorable to the nonmoving party. Vann v. City of Southaven, Miss., 884 F.3d 307, 309 (5th Cir. 2018); Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P., 627 F.3d 134, 138 (5th Cir. 2010). The Court neither assesses credibility nor weighs evidence at the summary-judgment stage. Wells v. Minnesota Life Ins. Co., 885 F.3d 885, 889 (5th Cir. 2018).  The Court is mindful that summary judgment should be exercised cautiously in employment discrimination cases, which often require courts to delve into motive and intent. Hayden v. First Nat. Bank of Mt. Pleasant, Tex., 595 F.2d 994, 997 (5th Cir. 1979); Kent v. Vicksburg Healthcare, LLC, No. 5:10-CV-195 DCB-RHW, 2012 WL 1556511, at *4 (S.D. Miss. Apr. 30, 2012), aff'd sub nom. Kent v. Vicksburg Healthcare, L.L.C., 534 F. App'x 229 (5th Cir. 2013).  However, summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

III.
Analysis

A.    Retaliation Claim under Title VII, 42 U.S.C. § 2000e.

In his complaint, Plaintiff alleges that Defendant retaliated against him because he fired a white employee. [ECF No. 1] ¶¶ 2, 20, 21, 23, 34-37. Plaintiff asserts his retaliation claim solely under Title VII. Id. ¶ 1. "Courts have no jurisdiction to consider title VII claims as to which the aggrieved party has not exhausted administrative remedies." Clayton v. Rumsfeld, 106 F. App'x 268, 271 (5th Cir. 2004) (citations omitted); see also Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex., 40 F.3d 698, 711 (5th Cir. 1994) ("Title VII requires that parties exhaust administrative remedies before instituting suit in federal court. *See* 42 U.S.C. § 2000e-5(f)(1)."); Simmons-Myers v. Caesars Ent. Corp., No. 2:10CV216-DCB-JMV, 2012 WL 2885366, at *2 (N.D. Miss. July 13, 2012), aff'd, 515 F. App'x 269 (5th Cir. 2013).

Plaintiff's allegation of retaliation does not appear in his EEOC charge. [ECF No. 1-3]; [ECF No. 30-7]. Plaintiff confirmed in his deposition testimony that he did not reference retaliation in his EEOC charge:

> Q. And you did not indicate in your charge of
> discrimination that you felt that you had been
> retaliated against. Correct?

4

A. I didn't at that time. Do I need to explain or
elaborate?

[ECF No. 36-1], Newton Dep. at 66:22-24, 67:1.[1]

Defendant argues that Plaintiff failed to exhaust his
administrative remedies because he made no mention of
retaliation in his EEOC charge and did not check the retaliation
box on the charge form.  [ECF No. 31] at 15-16; [ECF No. 1-3];
[ECF No. 30-7].  Plaintiff counters, without citing any
supporting legal authority, that he exhausted his EEOC remedies
because he "indirectly" alleged retaliation "when he told his
supervisors that he was being treated unfairly and he was not
being trained properly."  [ECF No. 36] at 8.  In his opposition
to the summary judgment motion, Plaintiff does not address his
failure to check the retaliation box on the EEOC charge form or
his failure to mention retaliation in his description of "The
Particulars" on his charge form.[2]  [ECF No. 36] at 8-9.

---

[1] Page references in this opinion to Plaintiff's deposition
testimony [ECF No. 36-1] refer to the numbered pages on the
deposition transcript and not to the ECF file-stamped pages
(which differ from the deposition transcript by one page).

[2] The facts as stated by Plaintiff in their entirety on
Plaintiff's EEOC charge form are:

THE PARTICULARS ARE *(If additional paper is needed, attach extra
sheet(s)):*
I had worked for Respondent as Store Manager since August 2,
2019, which is when Respondent took over the store (previous
store was Piggly Wiggly). On October 4, 2019, I was called into
a meeting with Jason Covington (White, Area Supervisor) and Glen

The Fifth Circuit analyzed this issue in <u>Miller v. Sw. Bell Tel. Co.</u>, 51 F. App'x 928, 2002 WL 31415083 (5th Cir. 2002), and found that " … the federal anti-discrimination statutes, most notably, Title VII have consistently required claimants to fill in the appropriate corresponding boxes when filing their claim for unlawful employment action." <u>Id.</u> at *6 (citing <u>Price v. Harrah's Md. Heights Operating Co.</u>, 117 F.Supp.2d 919, 921-22 (E.D.Mo. 2000) (granting summary judgment on failure to exhaust administrative remedies grounds for employer because plaintiff did not check the box for retaliation and did not specifically

---

Frye (White, Area Supervisor). During the meeting Covington and Frye terminated my employment by informing me to turn over my store keys because that day was my last day. Covington and Frye provided no explanation for my termination. I believe I was terminated because of my race (Black).

On October 1, 2019, Covington and Frye informed me that my Assistant Store Manager, Ben Stringer (White), was being transferred to the New Hebron, MS location in order to help them out. After I was terminated, I became aware that Stringer was transferred to the New Hebron location and promoted to Store Manager. I also became aware that Covington and Frye transferred Leslie LNU (White, Store Manager) and another White, female (Assistant Store Manager) from the New Hebron location to my store to serve as the Store Manager and Assistant Store Manager.

Under the previous company (Piggly Wiggly), I had worked for 22 years - 15 years of which were as Store Manager. To my knowledge, Leslie LNU and the other White female had very little experience in grocery management as compared to my vast experience.

I believe I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

[ECF No. 30-7] at 1-2; [ECF No. 36-3] at 1-2.

allege retaliation in the text of the charge); McCray v. DPC
Indus., Inc._, 942 F.Supp. 288, 294 (E.D.Tex. 1996) (when
asserting a claim for discrimination under Title VII, it is
necessary for the appropriate box to be checked in the EEOC
claim)).  The panel in Miller further noted that the alleged
retaliation occurred before the plaintiff filed his EEOC charge,
and, from a timing perspective, the claim could have been
included on the charge form.  Miller, 2002 WL 31415083 at *8.[3]
The Fifth Circuit concluded that given: (i) the timing of the
alleged retaliation, (ii) the plaintiff's failure to check the
box for retaliation on his EEOC charge form (although he did
check the boxes for "age" and "disability"), and (iii) the
failure to disclose the retaliation claim in the narrative on

---

[3] The court in Miller addressed the "Gupta exception" to EEOC
exhaustion, Gupta v. E. Tex. State Univ._, 654 F.2d 411, 414 (5th
Cir. Unit A Aug. 1981).  Because the alleged adverse employment
action occurred prior to the filing of the plaintiff's
discrimination charge, the Fifth Circuit concluded that the
Gupta exception did not apply.  Miller, 2002 WL 31415083 at *8
("Since the alleged retaliation occurred prior to his filing of
the complaint, Miller was well aware of the conduct and actions
that would give rise to his claim of retaliation … .").  No
party to this lawsuit has briefed the Gupta exception.  However,
because Gupta still is good law in this circuit, the Court notes
that, as in Miller, the Gupta exception would be inapplicable on
the facts of this case.  See Hosey v. Howard Indus., Inc., No.
2:20-CV-0067-KS-MTP, 2020 WL 4506789, at *2 n.2  (S.D. Miss.
Aug. 5, 2020)("Gupta has been called into question in light of
the U.S. Supreme Court decision in National R.R. Passenger Corp.
v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).
…  However, until Gupta has been formally overruled, this Court
deems it to still be good law.").

the charge form, the plaintiff failed to exhaust his administrative remedies and was procedurally barred from asserting a retaliation claim.  <u>Id.</u> at *7-8.  Because the plaintiff failed to exhaust his EEOC administrative remedies, the appellate court found that the district court lacked jurisdiction to consider the plaintiff's retaliation claim on the merits.  <u>Id.</u> at *6.

The legal analysis in <u>Miller</u> is applicable to the facts of this case.  As in <u>Miller</u>, the alleged incident of retaliation occurred before Plaintiff filed his EEOC discrimination charge, and it should have been indicated on the charge form.  Plaintiff failed to check the box for retaliation on his EEOC charge and also failed to disclose his retaliation claim in the narrative section of the form.  <u>See</u> note 2 <u>supra</u>.  Plaintiff did not exhaust his administrative remedies regarding his Title VII retaliation claim and is procedurally precluded from pursuing retaliation in this lawsuit.  This Court lacks jurisdiction to reach the merits of Plaintiff's retaliation claim, and summary judgment is therefore appropriate.

B.  <u>Race Discrimination Claim Under Title VII and Section 1981</u>.

Plaintiff filed his race discrimination claim under Title VII of the Civil Rights Act and under 42 U.S.C. § 1981.  [ECF No. 1] ¶¶ 1, 3.  When supported by circumstantial evidence, both Title VII and Section 1981 discrimination claims are examined

under the McDonnell Douglas burden-shifting framework.

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct.

1817, 36 L.Ed.2d 668 (1973); Patterson v. McLean Credit Union,

491 U.S. 164, 186 (1989), superseded on other grounds by

statute, Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat.

1071; Wesley v. Gen. Drivers, Warehousemen & Helpers Loc. 745,

660 F.3d 211, 213 (5th Cir. 2011); see also Thomas v. Johnson,

788 F.3d 177, 179 (5th Cir. 2015); Turner v. Baylor Richardson

Med. Ctr., 476 F.3d 337, 345 (5th Cir. 2007); Madison v.

Courtney, 365 F. Supp. 3d 768, 771 (N.D. Tex. 2019).

      Plaintiff concedes that he has no direct evidence of

discrimination and must prove his case based on circumstantial

evidence.  [ECF No. 36] at 5.  The parties therefore correctly

acknowledge that the McDonnell Douglas burden-shifting analysis

applies here.  Id.; [ECF No. 31] at 10-11.  Under McDonnell

Douglas:

           1) Plaintiff must establish a prima facie case;

           2) Defendant must rebut the prima facie case
           with a legitimate, nondiscriminatory reason
           for Plaintiff's termination; and

           3) Plaintiff must show that Defendant's reason
           for termination is a mere pretext for
           discrimination.

McDonnell Douglas, 411 U.S. at 802-05; Holliday v. Commonwealth

Brands, Inc., 483 F. App'x 917, 921 (5th Cir. 2012); Vaughn v.

Woodforest Bank, 665 F.3d 632, 636 (5th Cir. 2011); Mitchell v.

City of Natchez, Miss., No. 5:11-CV-137-DCB-RHW, 2013 WL 139337,
at *4-5 (S.D. Miss. Jan. 10, 2013).  A plaintiff may show
pretext either (i) through evidence of disparate treatment or
(ii) by showing that the employer's proffered explanation is
false or unworthy of credence.  Moss v. BMC Software, Inc., 610
F.3d 917, 922 (5th Cir. 2010).  "But a reason cannot be proved
to be a 'pretext *for discrimination*' unless it is
shown *both* that the reason was false, *and* that discrimination
was the real reason."  St. Mary's Honor Ctr. v. Hicks, 509 U.S.
502, 515 (1993) (internal citations omitted); see also Price v.
Fed. Express Corp., 283 F.3d 715, 720 (5th Cir.2002);
accord  Wilson v. Exxon Mobil Corp., 575 F. App'x 309, 313 (5th
Cir. 2014).

For the purposes of summary judgment, Defendant does not
dispute Plaintiff's ability to satisfy his prima facie
case.  [ECF No. 31] at 11.  The burden shifts to Defendant to
provide a legitimate, nondiscriminatory reason for Plaintiff's
termination.  Defendant cites to Plaintiff's poor work
performance.  In support, Defendant refers to numerous examples
of performance problems that are addressed in Plaintiff's
deposition testimony.  Representative among the performance
issues are:

(i) Despite counseling and coaching, Plaintiff failed to
cut the store's labor costs.  [ECF No. 36-1], Newton Dep. at

10

190:7-25; 191; 192:1-21.  According to Defendant, Plaintiff

overscheduled employees by approximately 500 hours in one week.

[ECF No. 31] at n.9.  In his deposition, Plaintiff testified

that he did not remember the exact number of excess hours, but

he recalled having overscheduled employees and that his

superiors addressed the issue with him.  [ECF No. 36-1], Newton

Dep. at 218:11-25.  This situation resulted in Plaintiff's

superiors having to perform the task of employee scheduling.

Id. at 192:4-17, 221:15-222:13.[4]

--------

[4]  Plaintiff testified in his deposition:

> Q.  At some point at the end of your employment Mr.
> Covington went in and did the schedule himself in
> order to make sure that the labor numbers were where
> they were needed to be. Correct?
>
> A.  I don't remember.
>
> Q.  You don't remember Mr. Covington making sure that
> those labor numbers were where they needed to be and
> taking it upon himself to do the schedule because you
> would not?
>
> A.  I don't recall.  I remember Mr. Frye doing the
> schedule or assisting with the schedule. It was not
> necessarily Covington actually doing the schedule.
> …
> Q.  So it looks like at least as of Wednesday,
> September 25th, Mr. Covington was going in and cutting
> the schedule and the shifts off the schedule.· Isn't
> that right?
>
> A. This was if I remember my off day, so yes, ma'am.
>
> Q. The expectation would be is that you as the store
> manager would be managing your -- scheduling your
> shifts so that it was within the labor costs?

(ii) Plaintiff failed to allocate employees to the correct department in the store's computer system.  [ECF No. 36-1], Newton Dep. at 201:20-203:5.

(iii)  Plaintiff failed to secure the Coke machine keys in a safe place in violation of company policy.  He also failed to have maintenance timely performed on the store Coke machines to keep them in working order.  [ECF No. 36-1], Newton Dep. at 187:13-25, 188, 189:1-4, 214:7-25, 215:1-5.

(iv)  Defendant had to counsel Plaintiff on the length of his lunch breaks.  Plaintiff conceded in his deposition testimony that his breaks were, from time to time, longer than

---

A. Right. But as I spoke earlier, all of this was
pretty new to me, and I figured that I would have a
supervisor there with vast knowledge of this
situation. So for him to help me with it I don't see
where it's a crime to give me a little help with the
situation.

Q. But at least you knew as of the 16th that he
expected you to manage your labor and cut shifts.
Correct?

A. Yes, ma'am, and I did cut a lot.

Q. And so almost ten days later on the 25th he's
having to cut shifts because –

A. Cutting them on my off day because he don't think
we're going to make the sales projections.

[ECF No. 36-1], Newton Dep. at 192:4-17, 221:15-222:13.

he was supposed to take: "Maybe I did extend my lunch break for 30 minutes … ." [ECF No. 36-1], Newton Dep. at 194:16-24.

The Fifth Circuit has "repeatedly held that a charge of 'poor work performance' is [an] adequate [reason] when coupled with specific examples." Burton v. Freescale Semiconductor, Inc., 798 F.3d 222, 231 (5th Cir. 2015); Henson v. Texas Southmost Coll. Dist., No. 1:18-CV-174, 2020 WL 488991, at *7 (S.D. Tex. Jan. 30, 2020). The Court finds that Defendant has satisfied its burden of providing a legitimate, nondiscriminatory reason for Plaintiff's termination. The burden now shifts back to Plaintiff to show that Defendant's reason for termination is a mere pretext for discrimination.

"On summary judgment, in this third step, the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." Price v. Fed. Exp. Corp., 283 F.3d 715, 720 (5th Cir. 2002); accord Wilson v. Exxon Mobil Corp., 575 F. App'x 309, 313 (5th Cir. 2014). "Once a Title VII case reaches the pretext stage, the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination." Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999). In other words, the Court's inquiry at this stage of the analysis must focus on whether evidence in the record demonstrates that

race discrimination was the true reason for Plaintiff's termination. <u>Finley v. Fla. Par. Juv. Det. Ctr.</u>, 574 F. App'x 402, 405 (5th Cir. 2014); <u>Laxton v. Gap Inc.</u>, 333 F.3d 572, 579 (5th Cir. 2003).

Plaintiff argues in his opposition brief that he can rebut Defendant's allegations of poor work performance because:

1. Plaintiff "was fired in retaliation for him firing a white female employee";[5]

2. Plaintiff "was hired for the job as compensation for helping broker the deal to purchase the building because he did not even have to fill out an employment application";

3. Plaintiff "was fired within the first 60 days of his employment without properly training him because he had served his purpose of helping broker the deal to purchase the store";

4. Defendant fired Plaintiff "and replaced him with a white store manager";

5. Defendant "dedicated more time to belittling and criticizing [Plaintiff] rather than training him to perform the job";

6. During their depositions, Plaintiff's managers "indicated that the managers of their stores are responsible for more job duties than a normal store manager and that during the opening of the store time clocks and computers were not working properly";

7. "[T]he managers should have focused more on training [Plaintiff] rather than firing him since he had only been employed less than two months";

---

[5] Plaintiff's arguments based on retaliation will not be addressed because of Plaintiff's failure to exhaust his EEOC remedies. <u>See</u> discussion in Part III.A. <u>supra</u>.

8.   "If their focus was on training him fairly
just like other white managers are trained,
[Plaintiff] could have been trained to do the job and
not summarily fired and replaced with a white manager
with less experience just because they never intended
to have a black store manager at this store"; and

9.   Defendant "fired every African-American
manager at the store and they replaced them with white
managers."

[ECF No. 36] at 7.

It appears to the Court that Plaintiff's assertions of
pretext largely fall into three categories:  (i) Defendant
employed him as compensation for his efforts in helping broker
the deal to purchase the grocery store; (ii) Defendant should
have spent more time training Plaintiff; and (iii) Defendant
fired every African American manager at the store and replaced
them with white managers.  Plaintiff's rebuttal assertions
strike this Court as confused and lacking in factual support.

For example, Plaintiff argues that "he did not even have to
fill out an employment application", which, according to
Plaintiff, shows that he was hired as the store manager because
he helped facilitate the purchase deal.  However, the record
contains a copy of Plaintiff's employment application [ECF No.
36-2],[6] and Plaintiff testified in his deposition:

Q. Do you remember completing an application for
employment?

---

[6] Plaintiff claims in his brief that the employment application
is not proper.  [ECF No. 36] at 2.

A. With Sullivan's.

Q. With Sullivan's, yes.

A. I'm sure I did.

[ECF No. 36-1], Newton Dep. at 146:16-20.

In addition, Plaintiff gave a far different reason for his
hiring in his deposition testimony when he explained why
Defendant decided to hire him as store manager rather than a
Caucasian candidate:

Q. Okay. Now, you would agree that Sullivan's at least
at the time that you were hired in August of 2019
selected you for the store manager position and did
not select Mr. Garrett who is Caucasian. Correct?

A. I am very much aware, but there was a reason why
they selected me as store manager and not Mr. Garrett.

Q. Well, why do you believe that they selected you as
store manager and not Mr. Garrett?

A. Because of my success.

Q. **Is that because they felt that you were the best
person for the job regardless of race?**

A. **I can say so, based on experience and productivity,
yes.**

[ECF No. 36-1], Newton Dep. at 138:21-139:10 (emphasis added).
It also appears on this record that Plaintiff's assistance in
brokering the purchase of the store was, at best, limited:

Q. And I just want to make sure that I'm clear.

A. Uh-huh.

Q. You never attended a negotiation meeting –

16

A. No, ma'am.

Q. -- between Piggly Wiggly and Sullivan's?

A. I was never in the meetings, no, ma'am.

Q. Never in the meetings?

A. No.

Q. You don't know what the dollar amounts that they were disagreeing about as far as the negotiation at the stores. Correct?

A. Not specifically the dollar amount, but it seems like there was sometime they would say a dollar amount of the difference between the two parties, but like I said, it's been a while and I can't remember specifically.

Q. And you don't know the amount that the store was actually paid for. Correct?

A. No, I don't recall.

Q. And you don't know the names of the gentlemen who brokered the deal for the purchase of the store on behalf –

A. Were those the two men that you just spoke of? I don't remember that name, the Tony McNair was it? I do not.

[ECF No. 36-1], Newton Dep. at 131:8-132:8.  On this record, the Court finds no evidence that links Plaintiff's hiring and firing with his alleged assistance in brokering the purchase of the store and no evidence of racial motivation on the part of Defendant in its decisions to hire and terminate Plaintiff.

Regarding Plaintiff's assertion that Defendant should have spent more time training him, the Court does not find this

criticism to be evidence of racial pretext.  Plaintiff alleges
throughout his Complaint, his EEOC charge, his deposition, and
his opposition brief that he had more than twenty years of "vast
experience" as a store manager.  E.g., [ECF No. 1] ¶ 11; [ECF
No. 30-7] at 1-2; [ECF No. 36-1], Newton Dep. at 250:18-21.  He
further testified that he had over thirty years of experience in
the grocery business.  [ECF No. 36-1], Newton Dep. at 278:17-23.
Despite his years of experience, Plaintiff faults Defendant for
failing to train him.  It is not clear to the Court why an
experienced grocery store manager such as Plaintiff would
require training on employee scheduling, budgeting, and personal
time management.  The Court finds it even less clear how this is
proof of racial pretext.  Plaintiff suggests in his opposition
brief that white managers were trained differently from him, but
he offers no evidence to support his allegation.  [ECF No. 36]
at 7.

     Finally, Plaintiff argues that Defendant's claim of poor
work performance is pretextual because Defendant had no
intention of employing a black store manager in Brookhaven and
eventually "fired every African-American manager at the store
and … replaced them with white managers."  The problem with
Plaintiff's argument is that the record evidence shows
otherwise.  Plaintiff testified that Defendant hired Plaintiff
as store manager instead of Mr. Garrett, another applicant who

was Caucasian and a prior store manager for Piggly Wiggly.  [ECF
No. 36-1], Newton Dep. at 138:21-139:10.  If Defendant harbored
racial animus and had no intention of hiring a black store
manager as Plaintiff asserts, then it would be nonsensical for
Defendant to hire Plaintiff over an experienced white candidate.
Lang v. Miss. Organ Recovery Agency, Inc., No. 3:11-CV-238-HTW-
LRA, 2012 WL 3945394, at *9 (S.D. Miss. Sept. 9, 2012);
Anderson v. Miss. Baptist Med. Ctr., No. 3:10CV469-TSL-MTP, 2011
WL 3652210, at *3 (S.D. Miss. Aug. 18, 2011).

    With respect to Plaintiff's claim that Defendant "fired
every African-American manager at the store and … replaced them
with white managers", the record proves otherwise.  Plaintiff
testified that (i) Defendant promoted Brianna Reed, an African
American bookkeeper, and moved her to a different store
location, [ECF No. 36-1], Newton Dep. at 234:24-235:9; and (2)
Sharon Smith, an African American assistant manager, voluntarily
resigned after one day of store operations.  Id. at 166:12-21;
187:9-10.

    "Unsubstantiated assertions, improbable inferences, and
unsupported speculation are not competent summary judgment
evidence."  Holmes v. N. Texas Health Care Laundry Coop. Ass'n,
304 F. Supp. 3d 525, 539 (N.D. Tex. 2018) (citing Forsyth v.
Barr, 19 F.3d 1527, 1533 (5th Cir. 1994)).  The Court concludes
that Plaintiff's assertions of pretext and race discrimination

19

fail for a lack of evidence.  Taken together, it is the Court's view that these assertions are the product of unfounded suspicion and groundless presumptions.  On this record, summary judgment is appropriate.

In reaching its decision today, the Court has found significant, in addition to the facts discussed above, deposition testimony that confirms Defendant's employment companywide of a total of thirteen (13) store managers: seven (7) being white and six (6) being black.  [ECF No. 30-6], Sullivan Dep. at 20:19-21:17; see also [ECF No. 36-1], Newton Dep. at 236:16-238:10.  The Court also deems it noteworthy that there is no evidence that Plaintiff ever complained of racial discrimination during his employment.  There is nothing in the record to suggest that there were derogatory comments or actions directed toward Plaintiff because of his race.  [ECF No. 36-1], Newton Dep. at 230:20-23, 232:17-233:4.  The Fifth Circuit has held that a plaintiff's summary judgment proof must consist of more than "a mere refutation of the employer's legitimate nondiscriminatory reason." Jones v. Gulf Coast Rest. Grp., Inc., 8 F.4th 363, 369 (5th Cir. 2021) (quoting Moore v. Eli Lilly & Co., 990 F.2d 812, 815 (5th Cir. 1993).  Mere conclusory allegations are not competent summary judgment evidence and are insufficient to defeat a motion for summary judgment.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996);  Holmes, 304 F.

Supp.3d at 539.  The Court concludes that Plaintiff has failed to present sufficient summary judgment evidence to create a genuine issue of material fact as to whether Defendant's stated reasons for terminating him were pretextual.

Accordingly,

Defendant's Motion for Summary Judgment is **GRANTED,** and Plaintiff's claims of racial discrimination under Title VII of the Civil Rights Act and under 42 U.S.C. § 1981 are **DISMISSED** with prejudice.  Plaintiff's claim of retaliation under Title VII is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this 8th day of November 2022.


____/s/_____David Bramlette_
UNITED STATES DISTRICT JUDGE

.