IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JEFFERY NEWTON**                                                                   **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 5:21-cv-13-DCB-LGI**

**SULLIVAN'S GROCERY**                                                       **DEFENDANT**


<u>ORDER</u>

This cause is before the Court on Plaintiff Jeffery Newton ("Plaintiff")'s Objection to Bill of Costs [ECF No. 44], which the Court will construe as a motion to review bill of costs under Federal Rule of Civil Procedure 54(d)(1).[1] See <u>Franklin v. City of Moss Point, Mississippi</u>, No. 1:14-CV-422-HSO-JCG, 2016 WL 6104340, at *1 (S.D. Miss. May 3, 2016)(court construed

---

[1] Federal Rule of Civil Procedure 54(d)(1) provides:

**(d) Costs; Attorney's Fees.**
**(1)** *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.
**(2)** *Attorney's Fees.*

Fed. R. Civ. P. 54(d)(1).

1

objection to bill of costs as a motion for review). Having carefully reviewed the record, the parties' submissions, and relevant law, the Court finds as follows:

## BACKGROUND

On November 8, 2022, this Court granted summary judgment [ECF No. 41] and issued a final judgment [ECF No. 42] in favor of Defendant Sullivan's Grocery ("Defendant"). The final judgment did not contain an award of costs under Rule 54(d)(1).[2] As the prevailing party in this employment discrimination action, Defendant filed a Bill of Costs [ECF No. 43] within 30 days of the entry of judgment. See L.U.Civ.R. 54(c). Defendant requested that the Clerk tax Plaintiff with $2,725.61 in costs, which consisted primarily of fees for deposition transcripts. [ECF No. 43]. Plaintiff filed an Objection to Bill of Costs [ECF No. 44], which is now pending before the Court. Plaintiff argued, almost exclusively, that the requested costs were inappropriate because his lawsuit was not frivolous and was filed in good faith. He further argued that: "If this court awards costs in this matter, it would dissuade this Plaintiff

---

[2] "That the Final Judgment did not award costs to the prevailing party is of no matter because district courts retain jurisdiction to hear post-judgment motions for costs." Power-One, Inc. v. Artesyn Techs., Inc., No. CIV. A. 2:05CV463, 2008 WL 4065871, at *2 (E.D. Tex. Aug. 27, 2008) (relying on Buchanan v. Stanships, Inc., 485 U.S. 265 (1988)).

and future plaintiffs from filing lawsuits concerning discrimination in a state that has been built on a long-standing history of allowing discrimination to flourish and exist up until this very day." Id. at 3.  Plaintiff did not challenge the reasonableness or correctness under 28 U.S.C. § 1920[3] of any specific cost that Defendant had requested in the Bill of Costs; his objection was non-specific.  See [ECF No. 44].

When Defendant did not respond to the objection, the Court issued a Show Cause Order [ECF No. 45] that instructed Defendant to respond and offered the parties an opportunity to schedule a hearing.  Defendant filed a rebuttal [EDF No. 46], and, in

---

[3] 28 U.S.C. § 1920 provides:

**§ 1920. Taxation of costs**

A judge or clerk of any court of the United States may tax as costs the following:

**(1)** Fees of the clerk and marshal;
**(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
**(3)** Fees and disbursements for printing and witnesses;
**(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
**(5)** Docket fees under section 1923 of this title;
**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920

emails, the parties declined the Court's offer for a hearing. Defendant informed the Court: "Pursuant to the Court's Show Cause Order [45], the parties have conferred and respectfully request that this issue be decided on the briefing as the parties are in agreement that a hearing on this matter is not necessary."  Email from R.B. Taylor to Bramlette Chambers dated 2/3/23.

## LEGAL ANALYSIS

A. Federal Rule of Civil Procedure 54(d)(1).

The United States Supreme Court has explained: "… Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs.  Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013) (citing Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 565 (2012)).  The Supreme Court also has explained that the specific "costs" which may be taxed under Rule 54(d) are those listed in 28 U.S.C. § 1920:

> … § 1920 defines the term "costs" as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.

4

Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987).

In the Fifth Circuit, there is a strong presumption that the prevailing party will be awarded costs. E.g., Pacheco v. Mineta, 448 F.3d 783, 793 (5th Cir. 2006); Schwarz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985). A party who prevails on summary judgment, such as Defendant in this case, is considered a prevailing party under Rule 54. Sullivan v. Worley Catastrophe Servs., L.L.C., 591 F. App'x 243, 248 (5th Cir. 2014); Gros v. City Grand Prairie, 34 F. App'x 150 (5th Cir. 2002). It is recognized in our circuit that, notwithstanding the discretion afforded to district courts by Rule 54(d)(1), a court "'may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so.'" Manderson v. Chet Morrison Contractors, Inc., 666 F.3d 373, 384 (5th Cir. 2012) (quoting Schwarz, 767 F.2d at 131); see also Pacheco, 448 F.3d at 793–94.

The reasons that Plaintiff has asserted for denying costs to Defendant are that (1) Plaintiff's lawsuit was not frivolous and was brought in good faith; and (2) an award of costs to Defendant would deter litigants from bringing discrimination lawsuits in the future. Plaintiff urges the Court to follow the same standard that the United States Supreme Court applied in Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n, 434

5

U.S. 412, 422, (1978), for determining whether an award of attorney fees to the prevailing party would be appropriate. In Christiansburg, a Title VII racial discrimination case, the Supreme Court held: "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Id. at 422

Unfortunately for Plaintiff, all these reasons have been rejected in Fifth Circuit precedent. In Lewis v. N.L.R.B., 750 F.2d 1266, 1279 (5th Cir. 1985), the Fifth Circuit expressly rejected the position that Christiansburg also should apply to an award of costs under Rule 54(d). See also Trevino v. Holly Sugar Corp., 811 F.2d 896, 906 (5th Cir. 1987) (in prior decisions we have rejected the argument that fees should be awarded a prevailing defendant in a Title VII case only if the plaintiffs' action was frivolous); Hill v. J.C. Penney Co., 688 F.2d 370, 375 (5th Cir. 1982) (precedent has foreclosed the extension of the rationale of Christianburg to the issue of costs); Jones v. City of San Antonio, 568 F.2d 1224, 1226 (5th Cir. 1978) (Rule 54(d) grants costs to the prevailing party as a matter of course in the absence of a countervailing rule or statute; absence of bad faith or vexatious conduct on the part of the losing litigant is not a reason to deny costs to the

prevailing party). The Fifth Circuit also has made clear that a losing party's good faith alone is insufficient to justify the denial of costs to the prevailing party. E.g., Pacheco, 448 F.3d at 795 ("All federal litigants, including this plaintiff, have an obligation to bring suit in good faith."). Finally, Plaintiff cites no precedent to support his argument that costs should not be awarded to Defendant because such an award would dissuade future discrimination litigation, and this Court is not aware of any such precedent. To the contrary, the Fifth Circuit consistently applies its Rule 54(d) cost analysis outlined above to discrimination and non-discrimination cases alike. Trevino v. Holly Sugar Corp., 811 F.2d 896, 906 (5th Cir. 1987) (affirming district court's award of costs to prevailing defendants in Title VII case).

Rule 54(d)(1) does not prevent a district court from requiring a prevailing party to bear its own costs, but our precedent establishes a strong presumption that the prevailing party is prima facie entitled to costs. Kent v. Vicksburg Healthcare, L.L.C., 534 F. App'x 229, 230 (5th Cir. 2013); Walters v. Roadway Exp., Inc., 557 F.2d 521, 526-27 (5th Cir. 1977); Kmart Corp. v. Kroger Co., No. 1:11-CV-00103-GHD, 2014 WL 3699998, at *1 (N.D. Miss. July 24, 2014); see also Pacheco, 448 F.3d at 793; Schwarz, 767 F.2d at 131. To avoid being taxed for costs, the losing party must overcome that presumption. Kent,

7

534 F. App'x at 230; Walters, 557 F.2d at 526.  On this record, the Court finds that Plaintiff has not overcome the presumption.

B.  28 U.S.C. § 1920.

Although Plaintiff has not challenged any specific item listed in the Bill of Costs, the Court nonetheless will review each item to determine if it is properly taxable under 28 U.S.C. § 1920.  The burden is on Defendant to furnish and verify a reasonable accounting of the requested costs and support its request with evidence documenting the costs incurred.  28 U.S.C. § 1924; Fogleman v. ARAMCO, 920 F.2d 278, 285-86 (5th Cir.1991); Kmart Corp. v. Kroger Co., No. 1:11-CV-00103-GHD, 2014 WL 3699998, at *1 (N.D. Miss. July 24, 2014).  Defendant verified the requested costs as "necessarily incurred" in a Declaration included in the Bill of Costs, [ECF No, 43] at 1, and submitted copies of invoices totaling $2,596.96 for the following deposition transcripts:

   (i) $1,470.10 for Jeffery Newton deposition;

   (ii) $241.61 for Parker Sullivan deposition;

   (iii) $522.25 for Glenn Frye deposition; and

   (iv) $363 for Jason Covington deposition.

[ECF No. 46-1.

Defendant also requested $128.65 in "Other costs", which Defendant itemized as $63.75 for postage and $64.90 for a social security number search at the Mississippi Department of

Employment Security ("MDES"). [ECF No. 43] at 1; [ECF No. 43-1] at 1; see also MDES invoice for search and page charges. [ECF No. 46-2] at 1.

Regarding the deposition transcript charges, costs of original depositions and copies of depositions are recoverable by the prevailing party, provided that the original and copies are necessarily obtained for use in the case. Fogelman, 920 F.2d at 285. The general rule is that "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." Id.; see also WMS Indus., Inc. v. Fed. Ins. Co., No. 1:06CV977-LG-JMR, 2009 WL 10676021, at *1 (S.D. Miss. Oct. 22, 2009); Brown v. State Farm Fire & Cas. Co., No. 06-CV-199, 2007 WL 9772187, at *1–2 (S.D. Miss. Aug. 3, 2007). The Court finds that the depositions of Newton, Sullivan, Frye, and Covington were necessarily obtained for use in the case and in the summary judgment litigation; they were not obtained merely for discovery or the convenience of counsel. The requested deposition transcript charges will therefore be allowed under 28 U.S.C. § 1920(2) and (4).

The $128.65 in expenses for postage and MDES charges that Defendant has requested as "Other costs" are not recoverable and cannot be included in the award. Postage is not included in 28 U.S.C. § 1920 and is not recoverable as a cost. Galeas v. Staff

Pro, LLC, No. CV 18-121, 2018 WL 4794274, at *4 (E.D. La. Oct. 4, 2018); Javeler Marine Servs. LLC v. Cross, 175 F. Supp. 3d. 756, 769 (S.D. Tex. 2016); Castone Corp. v. Advanced Cast Stone, Inc., No. 1:10CV287-HSO-JMR, 2012 WL 13018538, at *9 (S.D. Miss. Aug. 8, 2012).  The MDES charges are not recoverable because Defendant has not convinced the Court that these records were necessary in the defense of its case.  The Court has not found the MDES records cited or used in Defendant's summary judgment briefing or arguments to the Court and cannot conclude that these charges were necessarily incurred and taxable under Section 1920.  Kent v. Vicksburg Healthcare, LLC, No. 5:10-CV-195 DCB-RHW, 2012 WL 3309373, at *2–3 (S.D. Miss. Aug. 13, 2012), aff'd sub nom. Kent v. Vicksburg Healthcare, L.L.C., 534 F. App'x 229 (5th Cir. 2013)(MDES retrieval fee and copy fee for MDES file were not recoverable costs under 28 U.S.C. § 1920).

## CONCLUSION

The Court concludes that Plaintiff has not presented viable reasons under controlling precedent for denying costs to the prevailing party in this lawsuit.  The Court offered the parties the opportunity for a hearing where facts and evidence could have been presented, but the parties declined.  In the absence of facts and evidence that support "good reasons" under controlling precedent, the Court must deny Plaintiff's

Objection. The Court will, however, subtract from the costs that Defendant has requested all amounts for postage and MDES fees. The Court finds that these amounts are not recoverable under 28 U.S.C. § 1920.

ACCORDINGLY,

**IT IS HEREBY ORDERED** that Plaintiff's Objection to Bill of Costs (which the Court construes as a Motion to Review Bill of Costs) [ECF No. 44] is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Sullivan's Grocery's Bill of Costs [ECF No. 43] is **ALLOWED** in part and **DENIED** in part. Defendant's request for deposition transcript fees in the amount of $2,596.96 is **ALLOWED**. "Other costs" in the amount of $128.65 (postage and Mississippi Department of Employment Services fees) are **DENIED** and shall not be taxed as costs against Plaintiff;

**AND IT IS FURTHER ORDERED** that, within fourteen (14) days of the date of this order, the Clerk of Court shall tax Plaintiff Jeffery Newton for costs in the total amount of $2,596.96.

SO ORDERED, this the 2nd day of May 2023.

/s/   David Bramlette
UNITED STATES DISTRICT JUDGE